**COMPAÑIA GENERAL DE SEGUROS, S.A., a corporation, Plaintiff,**

v.

**The FIRST NATIONAL CITY BANK, a national banking association, Defendant.**

**Civ. No. 6709.**

District Court, Canal Zone
Division of Balboa.

Nov. 26, 1969.

See also D. C., 306 F.Supp. 1361.

R. Phillipps, Balboa, Canal Zone, for plaintiff.

Guillermo Jurado, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

FINDINGS OF FACT

1. That the plaintiff is a corporation duly organized and existing under the laws of the Republic of Panama and duly licensed to do business, and doing business, in the Canal Zone.

2. That the defendant is a national banking association organized and authorized to do business under the laws of the United States of America and has qualified to do business and is doing business in the Canal Zone.

3. That under date of October 15, 1968, Inpetrol Services Company (also known as Inpetrol Services Company, S. A.), entered into a contract with the United States of America for the execu-

tion and performance of certain improvements to the NCO Open Mess, Building No. 164, situated at Fort Amador, Canal Zone.

4. That plaintiff issued a Performance Bond under date of October 15, 1968, and a Payment Bond under the same date, in connection with the construction contract mentioned in 3. hereinabove.

5. That Inpetrol Services Company defaulted in the performance of the construction contract aforementioned.

6. That plaintiff, as issuer of the Performance Bond, undertook to complete the contract and did, in fact, complete the contract and performed remedial work.

7. That plaintiff has paid bills to suppliers of materials furnished to the defaulted contractor in the prosecution of the work required by the contract mentioned in 3. hereinabove.

8. That this Court has held plaintiff liable in Civil No. 6833 and Civil No. 6843 to pay other suppliers of materials and labor furnished in the prosecution of the work of the aforesaid contract.

9. That defendant herein holds a valid assignment of contract monies executed by defaulted contractor on November 19, 1968.

10. That no progress payments were made to defaulted contractor, prior to default, and the entire amount of the monies appropriated by the United States of America for the payment of the said project were being held at the time of default and continue to be held by the United States of America pursuant to a preliminary injunction issued out of this Court in Civil No. 6708 dated April 29, 1969.

## CONCLUSIONS OF LAW

1. That the rights of plaintiff-surety under the Performance Bond are superior to the rights of defendant-assignee. The United States had the right to use the money in its hands to complete the contract upon the default of the prime contractor, and the plaintiff-surety, having completed the contract, is subrogated to the United States and to the money expended by it for said completion.

2. That the equitable rights of plaintiff-surety under the Payment Bond are superior to the rights of defendant-assignee. The United States is under an equitable obligation to see that laborers and materialmen are paid and has the right to so use the money, which is a right superior to plaintiff's rights as the assignee of the defaulted contractor. Laborers and materialmen have the equitable right to assert a claim to monies in the hands of the United States which are appropriated for the contract. Plaintiff-surety, upon payment to labor and materialmen, becomes subrogated to their right to assert an equitable claim to the monies in the hands of the United States.

3. Plaintiff is entitled to its costs.